IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES P. GIBSON, | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:05-CV-415-BE |
| | § | |
| GRUPO DE ARIEL, LLC d/b/a ARIEL | § | |
| FINANCIAL SERVICES and ANDREW | § | |
| OLIVO, | § | |
| DEFENDANTS. | § | |

MEMORANDUM OPINION AND ORDER

Pending before the court for consideration is Defendants' Motion Dismiss, Plea in Abatement and Application for Stay of Proceedings, filed December 1, 2005. For the reasons outlined below, the court finds the motion, plea in abatement, and application for stay should be denied.

A.     HISTORY

On September 1, 2004, attorney Andrew Olivo filed suit on behalf of Ariel Financial Services ("Ariel") against James Gibson in County Court at Law Number 2, Tarrant County Texas, in Cause No. 04-25930-2, seeking to collect payment on an unpaid credit charge account with Chase Manhattan Bank.[1] Ariel claimed to be the assignee of the account. Ariel also advised the state court that Gibson could be served with process at 3016 Old Mill Run, Grapevine, Texas. Ariel Financial Services obtained a default judgment against Gibson on December 21, 2004. The deadlines for direct appeal from the state court judgment have passed, but on March 29, 2005, Gibson filed an

---

[1]  The court may take judicial notice of the pleadings and proceedings in state court. Defendants have filed a motion to dismiss based on lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Because the issue in a 12(b)(1) motion is the trial court's  power to hear the case, there is substantial authority that the trial court is free to weigh evidence and satisfy itself as to the existence of its power to hear the case. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981).  In deciding a motion to dismiss for failure to state a claim, the court may also consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken without converting the motion to one for summary judgment. *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017-18 (5th Cir.1996).

Original Petition for Bill of Review in County Court at Law Number 2 in Tarrant County, Texas seeking to have the default judgment vacated and a new trial granted.  That state court action, which has been assigned Cause No. 05-30489-2, remains pending.

Plaintiff James Gibson filed a civil action in the Unites States District Court for the Northern District of Texas on June 28, 2005.  He alleges that Defendant Ariel Financial Services and Andrew Olivo improperly filed a debt collection action in County Court at Law Number 2, Tarrant County, Texas in violation of certain provisions of the Fair Debt Collection Practices Act,[2] the Texas Debt Collection Act,[3] and the Texas Deceptive Trade Practices Act.[4]   Gibson alleges that he was not resident of Texas at the time Ariel Financial Services filed suit, but instead resided in Peachtree City, Georgia and was served with process in Georgia on or about November 15, 2004.

On December 1, 2005, Defendants filed a motion to dismiss Gibson's civil action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  Alternatively, Defendants seek abatement or a stay of the current proceedings until the state court action has been resolved.  Gibson has filed no response.

B.      MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)

1.      Rooker-Feldman Doctrine

Ariel and Olivo assert that Gibson, although framing his action as one for unfair debt collection practices, is mounting a collateral attack on a final state court judgment in violation of the *Rooker-Feldman* doctrine.

The Supreme Court has established, in what has become known as the *Rooker-Feldman*

---

[2]   15 U.S.C. § 1692 et seq. A single violation of any provision of the Act is sufficient to establish civil liability.  Taylor v. Perrin, Landry, deLaunay & Durand , 103 F.3d 1232, 1238 (5th Cir. 1997).

[3]   Tex. Fin. Code Ann. § 392.001 et seq. (Vernon 1998 & Supp. 2005).

[4]   Tex. Bus. & Com. Code Ann. § 17.46 (Vernon 2002 & Supp. 2005).

doctrine, that federal district courts are courts of original jurisdiction and lack appellate jurisdiction to review, modify, or nullify final orders of state courts. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482,103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). If a state trial court errs and the judgment is merely voidable, not void, it is to be reviewed and corrected by the appropriate state appellate court and recourse at the federal level is limited to an application for a writ of certiorari to the United States Supreme Court. *Rooker*, 263 U.S. at 415, 44 S.Ct. at 150; *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). Concerned that district courts have been extending the doctrine beyond its original contours, the Supreme Court has recently reaffirmed that the *Rooker-Feldman* doctrine is confined to cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S.Ct. 1517, 1521-22 (2005).

As summarized in the parties' joint status report, Gibson's claims are premised on allegations that Ariel filed a collection action against him in Tarrant County, Texas at a time when he resided in Georgia. Gibson further alleges that any credit agreement he may have signed that governs the debt Ariel sought to collect would have been signed in Dallas County, so venue would not lie in Tarrant County for any reason.

The federal Fair Debt Collection Practices Act requires that a debt collector bring any legal action on the debt in the judicial district (1) in which the consumer signed the contract sued upon, or (2) in which the consumer resides at the commencement of the action. 15 U.S.C. § 1692i(a)(2). Similarly, a Texas state court action founded on a contractual obligation of the defendant to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions

of credit intended primarily for personal, family, household, or agricultural use may be brought against the defendant either in the county in which the defendant in fact signed the contract or in the county in which the defendant resides when the action is commenced.  Tex. Civ. Prac. & Rem. Code Ann. § 15.035(b) (Vernon 2002).  Filing suit in a county other than that of the defendant's residence or the county in which the contract was signed may be a deceptive trade practice under state law. Tex. Bus. & Com. Code Ann. § 17.46(b)(23) (Vernon 2002 & Supp. 2005). *See also* Tex. Fin. Code Ann. § 392.404(a) (Vernon 1998 & Supp. 2005)(providing that violation of Texas Debt Collection Act is a deceptive trade practice).

Gibson's allegations, as they are construed by the court,[5] are not an attempt to circumvent the *Rooker-Feldman* doctrine or a challenge based on an injury caused by a state court judgment. The alleged violations Gibson complains of in this court were completed when the Defendants filed the civil action in state court, regardless of any action taken or any judgment subsequently entered by the state court.  If Gibson is successful in establishing that the Defendants brought a state court debt collection action in an improper venue, he may prevail in this court without disturbing the state court judgment affirming the underlying debt.[6]

At most, the issues to be addressed in federal court are similar to questions that the state court may entertain in disposing of Gibson's pending petition for bill of review; however, the *Rooker-Feldman* doctrine applies only to federal litigation commenced after the state court has

[5]  The court is both entitled and required to revisit the issue of subject-matter jurisdiction at any time if subsequent developments in this case indicate that the present construction of Gibson's claims is inaccurate. *See Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 575 (5th Cir.2003).

[6] The Full Faith and Credit Act requires federal courts as well as state courts to give state judicial proceedings "the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738 (2004). A finding of improper venue would not imply that the state court judgment is void or in any respect not  entitled to full faith and credit.  Improper venue is an issue that both the state and federal courts recognize can be waived if not timely raised. *See* Fed. R. Civ. P. 12(h); Tex. R. Civ. P. 86.

entered judgment and is not applicable to parallel state and federal litigation. *See Exxon Mobil*, 125 S.Ct. at 1526-27. Defendants' motion to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine is not well founded.

C.      MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is viewed with disfavor and rarely granted. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986).

The district court should not dismiss a complaint simply because it is questionable whether the plaintiff will prevail on his claims. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 927 (5th Cir. 1988). The district court may dismiss a complaint under rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

1.      Identity as Debt Collectors

Ariel asserts that it is a creditor, not a debt collector whose conduct is regulated by the federal Fair Debt Collection Practices Act.[7] The Act defines a debt collector as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

---

[7] Defendants Ariel and Olivo complain that they are improper parties, although they state that they are basing their motion on Federal Rule of Procedure 12(b)(1). However, this court has subject matter jurisdiction over claims brought under the federal Fair Debt Collection Practices Act regardless of whether Ariel or Olivo have been properly identified as a debt collector liable for violations of the Act. *See* 15 U.S.C. § 1692k (providing that an action for civil liability under the federal act may be brought in any appropriate district court within one year from the date of the violation without regard to the amount in controversy). Defendants' motion is more accurately classified as a Rule 12(b)(6) motion to dismiss based on the failure to state a claim.

indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6); *Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997). The definition specifically excludes creditors or any officer or employee of the creditor. 15 U.S.C. 1692a(6)(A). A creditor for purposes of the federal act is any person who offers or extends credit creating a debt or to whom a debt is owed; however, the term creditor does not include any person to the extent he received an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. 15 U.S.C. § 1692a(4).

According to the allegations in Gibson's complaint, which are accepted at face value for present purposes, Ariel's principal business is the purchase and subsequent collection of consumer debts *after default* using the mails, telephone and internet, and Ariel regularly attempts to collect such debts. The attachments to Ariel's own state petition suggest that Gibson was in default on his credit arrangement with Chase Manhattan Bank before that debt was ever assigned to Ariel. Ariel's identity as a debt collector for purposes of liability under the federal Fair Debt Collection Practices Act cannot appropriately be determined by a motion to dismiss.

Ariel similarly contends that it is not a third-party debt collector for purposes of the Texas Debt Collection Act because it is collecting its own debt. The Texas Act defines a debt collector as a person who directly or indirectly engages in debt collection. Tex. Fin. Code Ann. § 392.001(6). The Texas Act specifies that a third-party debt collector means a debt collector as defined by 15 U.S.C. § 1692a(6). [8] Tex. Fin. Code Ann. § 392.001(7). But as already discussed, Ariel's identity as a debt collector cannot appropriately be resolved at this stage of the proceedings.

---

[8]   The court is uncertain that Ariel's identity as a debt collector versus a third-party debt collector is material for purposes of the violations alleged by Gibson. The provisions of the Texas act pertaining specifically to third-party debt collectors generally relate to the posting of surety bonds and credit bureau records. *See, e.g.,* Tex. Fin. Code Ann. §§ 392.101, 392.202. But the provisions of the Texas act addressing prohibited collection methods apply to any debt collector, not third-party debt collectors alone. *See id.* § 392.301 et seq.

Olivo contends that, as an attorney, he is specifically excluded from the coverage of the Texas Debt Collection Act.[9]  He also asserts that he is entitled to immunity from liability for pursuing litigation against Gibson in state court.[10]

The Texas act defines a third-party debt collector to include attorneys who collect a debt on behalf of a client if the attorney has non-attorney employees regularly engaged in soliciting debts for collection or regularly in contact with debtors for the purposes of collection or adjustment of debts.  Tex. Fin. Code. Ann. § 392.001(7).  In his complaint, Gibson alleges that Olivo is in fact a third-party debt collector, an individual engaged in the business of collecting consumer debts, and an owner of Ariel.  Olivo denies that he uses non-attorney employees to collect debts, but his disputed status as a debt collector or third-party debt collector for purposes of the Texas Debt Collection Act cannot be determined by a motion to dismiss.

Dismissal is not appropriate at this juncture because it does not appear that Gibson can state no claim against Olivo or Ariel upon which relief may be granted.

3.     Debt Collection Limitations

Ariel and Olivo contend that the filing of pleadings is not and should not be a violation of the Fair Debt Collection Practices Act or the Texas Debt Collection Act, but cite no authority for their position.  Conversely, both the case law and statutes demonstrate that a fair debt collection can

---

[9]  Olivo limits his contention to state law.  The Supreme Court has ruled that the federal Fair Debt Collection Practices Act applies to attorneys regularly engaged in consumer debt collection activities even if that activity consists of litigation.  *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

[10]  In support of his immunity argument, Olivo cites *Bradt v. West*, 892 S.W.2d 56 (Tex. App.–Houston [1st Dist.] 1994, writ denied).  *Bradt* was not an action for unfair debt collection practices.  Bradt was an attorney who was found in contempt by the trial court in a divorce action, but then brought suit against opposing counsel from that divorce action who had filed the motion asking the trial court to find Bradt in contempt for various discovery infractions in the divorce action.  *Id.* at 72-73.  The appellate court held that an attorney has no right of recovery, under any cause of action, against another attorney arising from conduct the second attorney engaged in as part of the discharge of his duties in representing a party in a lawsuit in which the first attorney also represented a party.  *Id.* at 75.

be premised on flawed legal proceedings because both federal and state law prohibits fraudulent, deceptive or misleading representations, including those made in judicial or governmental proceedings. *See, e.g., Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995)(holding that federal fair debt collection laws apply to attorney regularly engaged in debt-collection litigation); *Addison v. Braud*, 105 F.3d 223 (5th Cir. 1997)(holding that attorney who filed debt collection action in improper venue was subject to civil liability under Fair Debt Collection Practices Act). *See generally* 15 U.S.C. §§ 1692e, 1692f; Tex. Fin. Code Ann. § 392.304(a)(8).

2.      Res Judicata and Estoppel

Defendants urge that Gibson's complaint should be dismissed under principles of res judicata and collateral estoppel. They assert, in conclusory fashion, that the issues have already been adjudicated in the state court action and are not subject to relitigation here.

When a federal court is asked to give claim preclusive effect to a state court judgment, the federal court must determine the preclusiveness of the state court judgment according to the principles of claim preclusion of the state from which the judgment was rendered. *Exxon Mobil*, 125 S.Ct. at 1527; *U.S. ex rel. Laird v. Lockheed Martin Engineering and Science Services Co.*, 336 F.3d 346, 357 (5th Cir. 2003). In Texas, res judicata prevents the relitigation of claims that have already been finally adjudicated or that should have been litigated in the prior lawsuit. *Laird*, 336 F.3d at 357. Res judicata applies when: (1) there was a previous final judgment on the merits; (2) the prior judgment was between identical parties or those in privity with them; and (3) there is a second action based on the same claims as were raised or could have been raised in the first action. *Id. See also Smith v. Waste Management, Inc*., 407 F.3d 381, 386 (5th Cir. 2005). Collateral estoppel may be applied where (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action;

and (3) the parties were cast as adversaries in the first action. *Sysco Food Servs. Inc. v. Trapnell,* 890 S.W.2d 796, 801 (Tex.1994), *cited in In re Gupta*, 394 F.3d 347, 351 n. 4 (5th Cir. 2004).

At issue is whether Ariel or Olivo violated the venue provisions of the Fair Debt Collection Practices Act and made corresponding misrepresentations about the debt by filing a debt collection action in Tarrant County, Texas.   These were not claims before the state court when default judgment was entered[11] and these issues have not been resolved by the state court, although these or similar questions may be addressed by the state court in resolving Gibson's pending petition for discretionary review.   Defendants have not demonstrated that claim or issue preclusion warrants dismissing the present action.

D.     PLEA IN ABATEMENT[12] AND STAY OF PROCEEDINGS

Ariel asserts that this action must be abated as a matter of right, or alternatively stayed, because there is a pending state court action that predates the filing of Gibson's federal civil action.

Federal courts have an obligation to exercise the jurisdiction conferred upon them. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).   A court typically may abstain from a case that is part of parallel or duplicative state litigation   only under exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.   *Id.*; *Diamond Offshore Co. v. A&B Builders, Inc*. 302 F.3d 531, 538 (5th Cir. 2002); *Kelly Inv., Inc. v. Continental Common Corp*., 315 F.3d 494, 497 (5th Cir. 2002).   The Supreme Court has identified six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district

---

[11]   Ariel argues that unfair debt collection practices based on improper venue or jurisdiction are compulsory counterclaims to a suit seeking to collect a debt, but cites no authority supporting its position.

[12]   The plea in abatement is an archaic common law pleading which does not dispute the merits of the plaintiff's claim, but objects to place, mode, or time of asserting it.   *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 720 (5th Cir. 1995).

court to decline to exercise jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Murphy v. Uncle Ben's, Inc*., 168 F.3d 734, 738 (5th Cir. 1999).  The balancing test weighs heaviest in favor of exercising jurisdiction. *Id.*

Ariel complains of parallel state proceedings, but makes no attempt to identify exceptional circumstances that would require or favor postponing litigation in this court.  The court finds that a review of the relevant factors favors the exercise of jurisdiction.

It is ORDERED that Defendants' Motion to Dismiss, Plea in Abatement, and Application for Stay of Proceedings is denied.

SIGNED JANUARY 9, 2006.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

-10-